**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------------- x
WESTON WRIGHT, and                                       :
CARLENE WRIGHT,                                          :
on behalf of themselves and                              :
the class members described herein,                      :
                                                         :    14-cv-8493-ALC
                 Plaintiffs,                             :
                                                         :
           vs.                                           :
                                                         :
HOUSEHOLD FINANCE REALTY                                 :
CORPORATION OF NEW YORK;                                 :
and GREEN TREE SERVICING LLC;                            :
                                                         :
                 Defendants.                             :
-------------------------------------------------------- x
```

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiffs Weston Wright and Carlene Wright bring this action to secure redress from unlawful credit and collection practices engaged in by defendants Household Finance Realty Corporation of New York ("HFRC"); and Green Tree Servicing LLC ("Green Tree").

2. Plaintiffs allege violation of the Real Estate Settlement Procedures Act, 12 U.S.C. §2605 ("RESPA"); the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA"), and the Truth in Lending Act, 15 U.S.C. §1601 et seq. ("TILA") and implementing Regulation Z, 12 C.F.R. part 1026.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 12 U.S.C. §2605 (RESPA), 15 U.S.C. §§1640 (TILA) and 1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

4. Venue and personal jurisdiction in this District are proper because:

   a. Defendants' communications and notices were received by plaintiffs within this District;

  b. Each defendant does or transacts business within this District and claims an interest in loans alleged owed by persons in this District and secured by real property in this District.

## PARTIES

5. Plaintiffs Weston Wright and Carlene Wright are individuals who reside in a townhome which they own in Bronx County, New York.

6. Defendant HFRC is a Delaware corporation with principal offices at 26525 N. Riverwoods Blvd., Mettawa, Illinois 60045. It does business in New York. Its registered agent and office is CT Corporation, 111 Eighth Avenue, New York, NY 10011.

7. Defendant HFRC was or is engaged in the servicing of residential mortgage loans. It serviced more than $1 million in such loans.

8. Defendant Green Tree is a limited liability company organized under Delaware law. It does business in New York. Its registered agent and office is CT Corporation, 111 Eighth Avenue, New York, NY 10011.

9. Defendant Green Tree is engaged in the servicing of residential mortgage loans. It serviced more than $1 million in such loans.

10. Green Tree is a "special servicer" of residential mortgage loans and seeks rating as such from rating agencies such as Fitch and S&P in order to obtain "special servicing" business.

11. In mortgage industry jargon, a "special servicer" is a servicer that specializes in handling delinquent and defaulted mortgage loans.

12. According to S&P's rating opinions, as of December 31, 2013, Green Tree serviced over 1.8 million loans, with a total balance of over $190 billion.

13. Green Tree regularly acquires servicing of loans that are delinquent or in default at the time of such acquisition. On information and belief, it has thousands of such loans.

14. Green Tree acquires servicing of portfolios or groups of similar loans, rather than

individual loans.

15. Green Tree uses the mails and telephone system to collect such debts.

16. Green Tree is a debt collector as defined in 15 U.S.C. §1692a(6).

## FACTS

17. In May 2014, plaintiffs had a residential mortgage loan secured by their townhome and serviced by HFRC.

18. The loan had been obtained for personal, family or household purposes and not for business purposes.

19. In May 2014, the loan was delinquent.

20. The loan was a "federally related mortgage loan" as defined in RESPA.

21. The alleged loan is a "debt" as defined by 15 U.S.C. §1692a(5).

22. Plaintiffs are, at all times relevant to this lawsuit, "consumers" as that term is defined by 15 U.S.C. §1692a(3).

23. On or about May 23, 2014, HFRC sent plaintiffs the notice attached as Exhibit A.

24. Exhibit A is a form document.

25. On or about June 30, 2014, Green Tree sent plaintiff Carlene Wright the notice attached as Exhibit B.

26. Exhibit B is a form document, filled out in a standardized manner.

27. Exhibit B purports to contain the "notice of debt" required by 15 U.S.C. §1692g.

28. At no time during 2014 did plaintiffs receive a notice of transfer of ownership of their loan.

29. On information and belief, no such notice was sent.

30. The conduct complained of herein is part of a pattern of conduct.

## COUNT I – RESPA – CLASS CLAIM

31. Plaintiffs incorporate paragraphs 1-30.

32. This claim is against Green Tree.

33. 12 U.S.C. §2605(b)-(c)  provides:

**(b) Notice by transferor of loan servicing at time of transfer**

**(1) Notice requirement**

**Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.**

**(2) Time of notice**

**(A) In general**

**Except as provided under subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).**

**(B) Exception for certain proceedings**

**The notice required under paragraph (1) shall be made to the borrower not more than 30 days after the effective date of assignment, sale, or transfer of the servicing of the mortgage loan (with respect to which such notice is made) in any case in which the assignment, sale, or transfer of the servicing of the mortgage loan is preceded by–**

**(i) termination of the contract for servicing the loan for cause;**

**(ii) commencement of proceedings for bankruptcy of the servicer; or**

**(iii) commencement of proceedings by the Federal Deposit Insurance Corporation or the Resolution Trust Corporation for conservatorship or receivership of the servicer (or an entity by which the servicer is owned or controlled).**

**(C) Exception for notice provided at closing**

**The provisions of subparagraphs (A) and (B) shall not apply to any assignment, sale, or transfer of the servicing of any mortgage loan if the person who makes the loan provides to the borrower, at settlement (with respect to the property for which the mortgage loan is made), written notice under paragraph (3) of such transfer.**

**(3) Contents of notice**

**The notice required under paragraph (1) shall include the following information:**

**(A) The effective date of transfer of the servicing described in such paragraph.**

**(B) The name, address, and toll-free or collect call telephone number of the transferee servicer.**

**(C) A toll-free or collect call telephone number for (i) an individual employed by the transferor servicer, or (ii) the department of the transferor servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.**

**(D) The name and toll-free or collect call telephone number for (i) an individual employed by the transferee servicer, or (ii) the department of the transferee servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.**

**(E) The date on which the transferor servicer who is servicing the mortgage loan before the assignment, sale, or transfer will cease to accept payments relating to the loan and the date on which the transferee servicer will begin to accept such payments.**

**(F) Any information concerning the effect the transfer may have, if any, on the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance and what action, if any, the borrower must take to maintain coverage.**

**(G) A statement that the assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the security instruments other than terms directly related to the servicing of such loan.**

**(c) Notice by transferee of loan servicing at time of transfer**

**(1) Notice requirement**

**Each transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer.**

**(2) Time of notice**

**(A) In general**

**Except as provided in subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not more than 15 days after the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).**

**(B) Exception for certain proceedings**

**The notice required under paragraph (1) shall be made to the borrower not more than 30 days after the effective date of assignment, sale, or transfer of the servicing of the mortgage loan (with respect to which such notice is made) in any case in which the assignment, sale, or transfer of the servicing of the mortgage loan is preceded by–**

**(i) termination of the contract for servicing the loan for cause;**

**(ii) commencement of proceedings for bankruptcy of the servicer; or**

**(iii) commencement of proceedings by the Federal Deposit Insurance Corporation or the Resolution Trust Corporation for conservatorship or receivership of the servicer (or an entity by which the servicer is owned or controlled).**

**(C) Exception for notice provided at closing**

**The provisions of subparagraphs (A) and (B) shall not apply to any assignment, sale, or transfer of the servicing of any mortgage loan if the person who makes the loan provides to the borrower, at settlement (with respect to the property for which the mortgage loan is made), written notice under paragraph (3) of such transfer.**

**(3) Contents of notice**

**Any notice required under paragraph (1) shall include the information described in subsection (b)(3) of this section.**

34. Green Tree violated 12 U.S.C. §2605, in that <u>Exhibit B</u> does not contain:

   a. The name and toll-free or collect call telephone number for (i) an individual employed by the transferee servicer, or (ii) the department of the transferee servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing;

   b. the date on which the transferor servicer who is servicing the mortgage loan before the assignment, sale, or transfer will cease to accept payments relating to the loan and the date on which the transferee servicer will begin to accept such payments;

   c. any information concerning the effect the transfer may have, if any, on the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance and what action, if any, the borrower must take to maintain coverage; or

   d. a statement that the assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the security

instruments other than terms directly related to the servicing of such loan.

35. Section 2605(f) provides:

**(f) Damages and costs**

**Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:**

**(1) Individuals**

**In the case of any action by an individual, an amount equal to the sum of--**

**(A) any actual damages to the borrower as a result of the failure; and**

**(B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $2,000.**

**(2) Class actions**

**In the case of a class action, an amount equal to the sum of--**

**(A) any actual damages to each of the borrowers in the class as a result of the failure; and**

**(B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not greater than $2,000 for each member of the class, except that the total amount of damages under this subparagraph in any class action may not exceed the lesser of--**

**(i) $1,000,000; or**

**(ii) 1 percent of the net worth of the servicer.**

**(3) Costs**

**In addition to the amounts under paragraph (1) or (2), in the case of any successful action under this section, the costs of the action, together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances.**

**(4) Nonliability**

**A transferor or transferee servicer shall not be liable under this subsection for any failure to comply with any requirement under this section if, within 60 days after discovering an error (whether pursuant to a final written examination report or the servicer's own procedures) and before the commencement of an action under this subsection and the receipt of written notice of the error from the borrower, the servicer notifies the person concerned of the error and makes whatever adjustments are necessary in the**

**appropriate account to ensure that the person will not be required to pay an amount in excess of any amount that the person otherwise would have paid.**

## CLASS ALLEGATIONS

36. Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

37. The class consists of (a) all persons (b) whose address for correspondence purposes, according to the records of Green Tree, is the same as the address of the property, (c) which property contains 1-4 dwelling units (including condominium and cooperative apartments), (d) who were sent a notice in the form represented by Exhibit B; (e) on or after a date two years prior to the filing of this action.

38. On information and belief, based on the size of defendant's operations, and the use of form documents, the class exceeds 40, and is so numerous that joinder of all members is not practicable.

39. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit B complies with RESPA.

40. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

41. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and consumer credit litigation.

42. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under RESPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendant for:

      i.      Statutory damages;

      ii.      Attorney's fees, litigation expenses and costs of suit;

      iii.      Such other and further relief as the Court deems proper.

## COUNT II – RESPA – CLASS CLAIM

43. Plaintiffs incorporate paragraphs 1-30.

44. This claim is against HFRC.

45. <u>Exhibit A</u> violated 12 U.S.C. §2605, in that it does not:

    a.    state the effect the transfer may have, if any, on the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance and what action, if any, the borrower must take to maintain coverage; or

    b.    contain a statement that the assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the security instruments other than terms directly related to the servicing of such loan.

## CLASS ALLEGATIONS

46. Plaintiffs bring this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

47. The class consists of (a) all persons (b) whose address for correspondence purposes, according to the records of HFRC, is the same as the address of the property, (c) which property contains 1-4 dwelling units (including condominium and cooperative apartments), (d) who were sent a notice in the form represented by <u>Exhibit A</u>; (e) on or after a date two years prior to the filing of this action.

48. On information and belief, based on the size of defendant's operations, and the use of form documents, the class exceeds 40, and is so numerous that joinder of all members is

9

not practicable.

49. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A complies with RESPA.

50. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

51. Plaintiffs will fairly and adequately represent the class members. Plaintiffs have retained counsel experienced in class actions and consumer credit litigation.

52. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under RESPA.

WHEREFORE, the Court should enter judgment in favor of plaintiffs and the class and against defendant for:

    i. Statutory damages;

    ii. Attorney's fees, litigation expenses and costs of suit;

    iii. Such other and further relief as the Court deems proper.

### COUNT III – FDCPA/ TILA – EXHIBIT B – CLASS CLAIM

53. Plaintiffs incorporate paragraphs 1-30.

54. This claim is against Green Tree.

55. Exhibit B identifies the current creditor of the loan as Green Tree.

56. Prior to June 16, 2014, the creditor of the loan was not Green Tree.

57. On information and belief, plaintiffs were not sent any notice of the transfer of the ownership of their loan.

58. Either:

    a. Green Tree violated 15 U.S.C. §1692g, by failing to accurately identify the current creditor in <u>Exhibit B</u>; or

    b. Green Tree failed to give notice of transfer of ownership of the loan, in violation of 15 U.S.C. §1641(g).

59. Section 1692g provides:

    **§ 1692g.  Validation of debts**

    **(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

    **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

    **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. . . .**

60. Section 1641(g) provides:

**(g) Notice of new creditor**

   **(1) In general**

   **In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer, including--**

>> (A) the identity, address, telephone number of the new creditor;
>>
>> (B) the date of transfer;
>>
>> (C) how to reach an agent or party having authority to act on behalf of the new creditor;
>>
>> (D) the location of the place where transfer of ownership of the debt is recorded; and
>>
>> (E) any other relevant information regarding the new creditor.
>
> **(2) Definition**
>
> As used in this subsection, the term "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.

61.     Implementing Regulation Z, at 12 C.F.R. §1026.39, "Mortgage transfer disclosures," elaborates:

> **(a) Scope.** The disclosure requirements of this section apply to any covered person except as otherwise provided in this section. For purposes of this section:
>
>> (1) A "covered person" means any person, as defined in §1026.2(a)(22), that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer, and who acquires more than one mortgage loan in any twelve-month period. For purposes of this section, a servicer of a mortgage loan shall not be treated as the owner of the obligation if the servicer holds title to the loan, or title is assigned to the servicer, solely for the administrative convenience of the servicer in servicing the obligation.
>>
>> (2) A "mortgage loan" means any consumer credit transaction that is secured by the principal dwelling of a consumer.
>
> **(b) Disclosure required.** Except as provided in paragraph (c) of this section, each covered person is subject to the requirements of this section and shall mail or deliver the disclosures required by this section to the consumer on or before the 30th calendar day following the date of transfer.
>
>> (1) Form of disclosures. The disclosures required by this section shall be provided clearly and conspicuously in writing, in a form that the consumer may keep. The disclosures required by this section may be provided to the consumer in electronic form, subject to compliance with the consumer consent and other applicable provisions of the Electronic Signatures in Global and National Commerce Act (E-Sign Act) (15 U.S.C. 7001 et seq.).
>>
>> (2) The date of transfer. For purposes of this section, the date of transfer to the covered person may, at the covered person's option, be either the date of acquisition recognized in the books and records of the acquiring party, or the

**date of transfer recognized in the books and records of the transferring party.**

**(3) Multiple consumers. If more than one consumer is liable on the obligation, a covered person may mail or deliver the disclosures to any consumer who is primarily liable.**

**(4) Multiple transfers. If a mortgage loan is acquired by a covered person and subsequently sold, assigned, or otherwise transferred to another covered person, a single disclosure may be provided on behalf of both covered persons if the disclosure satisfies the timing and content requirements applicable to each covered person.**

**(5) Multiple covered persons. If an acquisition involves multiple covered persons who jointly acquire the loan, a single disclosure must be provided on behalf of all covered persons.**

**(c) Exceptions. Notwithstanding paragraph (b) of this section, a covered person is not subject to the requirements of this section with respect to a particular mortgage loan if:**

**(1) The covered person sells, or otherwise transfers or assigns legal title to the mortgage loan on or before the 30th calendar day following the date that the covered person acquired the mortgage loan which shall be the date of transfer recognized for purposes of paragraph (b)(2) of this section;**

**(2) The mortgage loan is transferred to the covered person in connection with a repurchase agreement that obligates the transferor to repurchase the loan. However, if the transferor does not repurchase the loan, the covered person must provide the disclosures required by this section within 30 days after the date that the transaction is recognized as an acquisition on its books and records; or**

**(3) The covered person acquires only a partial interest in the loan and the party authorized to receive the consumer's notice of the right to rescind and resolve issues concerning the consumer's payments on the loan does not change as a result of the transfer of the partial interest.**

**(d) Content of required disclosures. The disclosures required by this section shall identify the loan that was sold, assigned or otherwise transferred, and state the following:**

**(1) The name, address, and telephone number of the covered person.**

**(i) If a single disclosure is provided on behalf of more than one covered person, the information required by this paragraph shall be provided for each of them unless paragraph (d)(1)(ii) of this section applies.**

**(ii) If a single disclosure is provided on behalf of more than one covered person and one of them has been authorized in accordance with paragraph (d)(3) of this section to receive the consumer's notice**

> of the right to rescind and resolve issues concerning the consumer's payments on the loan, the information required by paragraph (d)(1) of this section may be provided only for that covered person.
>
> **(2) The date of transfer.**
>
> **(3) The name, address and telephone number of an agent or party authorized to receive notice of the right to rescind and resolve issues concerning the consumer's payments on the loan. However, no information is required to be provided under this paragraph if the consumer can use the information provided under paragraph (d)(1) of this section for these purposes.**
>
> **(4) Where transfer of ownership of the debt to the covered person is or may be recorded in public records, or, alternatively, that the transfer of ownership has not been recorded in public records at the time the disclosure is provided.**
>
> **(e) Optional disclosures. In addition to the information required to be disclosed under paragraph (d) of this section, a covered person may, at its option, provide any other information regarding the transaction.**

## CLASS ALLEGATIONS

62. Plaintiffs bring this claim on behalf of a class, pursuant to Fed. R. Civ.P. 23(a) and (b)(3).

63. The class consists of (a) all natural persons (b) whose correspondence address, according to the records of Green Tree, is the same as the property address, (c) which property contains one or two dwelling units (including condominium and cooperative apartments), (d) to whom Green Tree sent documents referring to itself as owner of a loan (e) without a notice of transfer of ownership documenting the transfer (f) on or after a date one year prior to the filing of this action, and (g) on or before a date 20 days after the filing of this action.

64. On information and belief, based on the size of defendant's operations and the use of form documents, the class exceeds 40, and is so numerous that joinder of all members is not practicable.

65. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Green Tree engaged in a practice of misrepresenting the current creditor or owner of its loans, or alternatively failed to send notice of

transfers of ownership of the loans.

      66.     Plaintiffs' claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

      67.     Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer credit and debt collection abuse cases.

      68.     A class action is superior to other alternative methods of adjudicating this dispute, in that:

      a.     Individual cases are not economically feasible.

      b.     Many debtors may not realize that their rights are violated.

      c.     Congress intended class actions as a principal means of enforcing both TILA and FDCPA.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendants for:

      i.     Statutory damages;

      ii.     Attorney's fees, litigation expenses and costs of suit;

      iii.     Such other or further relief as the Court deems proper.

      iv.

      s/Tiffany N. Hardy

      Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
     & GOODWIN, L.L.C.
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
312-739-4200
Fax:  312-419-0379
Email: courtecl@edcombs.com

T:\30274\Pleading\Complaint_Pleading.wpd

## NOTICE OF ASSIGNMENT

    Please be advised that all rights relating to attorney's fees have been assigned to counsel.

s/Tiffany N. Hardy
_____
Tiffany N. Hardy

**DOCUMENT PRESERVATION DEMAND**

 Plaintiffs hereby demand that each defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiffs, the events described herein, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendants are aware of any third party that has possession, custody, or control of any such materials, plaintiffs demand that defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendants.

                     /s/Tiffany N. Hardy

                      Tiffany N. Hardy