```
                                              USDC SDNY
                                              DOCUMENT
UNITED STATES DISTRICT COURT                  ELECTRONICALLYFILED
SOUTHERN DISTRICT OF NEW YORK                 DOC#: _____
------------------------------------------------------- x  DATE FILED: 7-25-16
```

|  |  |
|---|---|
| WESTON WRIGHT, and CARLENE WRIGHT, on behalf of themselves and the class members described herein, | |
| Plaintiffs, | 1:14-cv-08493 (ALC) |
| -against- | **Opinion and Order** |
| GREEN TREE SERVICING LLC, | |
| Defendant. | |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiffs Weston and Carlene Wright ("the Wrights") bring this action against Green Tree Servicing LLC ("Green Tree"), which owns and services a loan on their home. They allege that when the mortgage in question was transferred from another servicer to Green Tree, Green Tree provided them with insufficient notice, in violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*.

The Court previously granted Green Tree's motion to dismiss the Wrights' amended complaint, and with the Court's leave, the Wrights filed a second amended complaint. Green Tree now moves to dismiss the second amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). For the reasons stated below, that motion is GRANTED.

I.     **Factual Background**

Plaintiffs Weston and Carlene Wright own a home in Bronx County, New York. (Second Amd. Compl. ("SAC"), ECF No. 50, ¶ 5.) As of May 2014, the Wrights had two mortgage loans secured by the townhome: a closed-end first mortgage, and an open-end second mortgage, obtained and used for home improvements. (SAC ¶¶ 10-11.) Both loans were serviced at that time by Household Finance Realty Corporation of New York. ("HFRC"). (SAC ¶ 10.)

By letter dated May 23, 2014, HSBC sent the Wrights a Notice of Servicing Transfer ("HSBC Notice").[1] (Exh. A, Amd. Compl. ("AC"), ECF No. 17-1.) The HSBC Notice stated:

> The servicing of your mortgage loan [XXXX]5239 is being transferred effective June 16, 2014. This means that after this date, a new servicer will be collecting your mortgage loan payments from you. Nothing else about your mortgage loan will change.

*Id.* The letter listed Green Tree Servicing LLC as the New Servicer, and provided contact information for Green Tree. (*Id.*)

By letter dated June 11, 2014, Green Tree sent Weston Wright a notice (the "Notice"). (SAC ¶¶ 6-7, 12; Exh. A, SAC.) The Notice was directed to the Wrights, at the address of the home in Bronx County, and it identified the loan in question by property address and by a loan number, newly assigned by Green Tree, ending in "4238." (SAC ¶ 17; Exh. A, SAC.) The Notice did not include any loan number previously assigned by HFRC, did not list the balance of the loan being transferred or the date on which the credit had been extended, and did not specify which of the two mortgage loans on the Wrights' home was being transferred. (SAC ¶¶ 17-21.) The Wrights allege that in the mortgage industry, it is common practice to provide the loan number of the prior servicer in a notice of transfer. (SAC ¶ 23; Exh. B, SAC.) The Notice read, in part:

---

[1] This HSBC Notice was attached to the amended complaint in this matter but it was not attached to the second amended complaint. But "even though the [Second] Amended Complaint is the operative pleading, the Court may still credit admissions in the [earlier] complaint and attached exhibits." *Poindexter v. EMI Record Grp. Inc.*, No. 11 Civ. 559 LTS JLC, 2012 WL 1027639, at *2 (S.D.N.Y. Mar. 27, 2012) (citing *Sulton v. Wright*, 265 F. Supp. 2d 292, 295 (S.D.N.Y. 2003) ("Admissions in earlier complaints remain binding when a plaintiff files subsequent pleadings." (citing *Andrews v. Metro N. C.R. Co.*, 882 F.2d 705, 707 (2d Cir. 1989))); *see also Augustus v. Brookdale Hosp. Med. Ctr.*, No. 13 Civ. 5374, 2015 WL 5655709, at *1 (E.D.N.Y. Sept. 24, 2015) ("The Court will consider facts from the Plaintiff's Original Complaint that are not repeated in the Amended Complaint. . . . The Court will also consider facts derived from the documents annexed to the Original Complaint."); *Hunt v. Arthur Kill Corr. Facility*, No. 11 Civ. 2432, 2012 WL 7658364, at *1 (E.D.N.Y. Oct. 9, 2012), *report and recommendation adopted*, , 2013 WL 828483 (E.D.N.Y. Mar. 6, 2013). Furthermore, Plaintiffs do not object to the Court's consideration of the HSBC Notice. (*See* Pl.'s Opp. 13 (addressing effect of HSBC Notice without objecting to consideration of it)).

> On 5/16/2014, the creditor that is the owner of your above-referenced loan changed from Household Finance Realty Corporation of New York to Green Tree Servicing LLC ("Green Tree"). . . . In addition, the servicer of your mortgage loan has changed to Green Tree.

(Exh. A, SAC.) It continued on to provide contact information for Green Tree. (*Id.*) The Wrights allege that this Notice does not reasonably inform a consumer of which loan was acquired or transferred, and that upon receipt of the Notice, they could not discern or identify which of their two HFRC loans had been transferred to Green Tree. (SAC ¶ 24.)

## II. Statutory Background

The Wrights bring this action under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. The purpose and history of TILA are discussed more fully in the Court's November 17, 2015, Order dismissing the amended complaint. (Nov. 17, 2015, Order, ECF No. 46.) Relevant here are (1) a provision of the statute itself; (2) a provision of a regulation promulgated by the Consumer Finance Protection Bureau ("CFBP") to implement TILA; and (3) an interpretation of that regulation promulgated by the CFBP.

The statute itself provides, "[N]ot later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner of assignees of the debt shall notify the borrower in writing of such transfer . . ." 15 U.S.C. § 1641(g)(1). The notice is to include five elements: "(A) the identity, address, telephone number of the new creditor; (B) the date of transfer; (C) how to reach an agent or party having authority to act on behalf of the new creditor; (D) the location of the place where transfer of ownership of the debt is recorded; and (E) any other relevant information regarding the new creditor." *Id*.

The regulation, known as Regulation Z and promulgated through notice-and-comment rulemaking, provides more detail as to the required form of the notice. 12 C.F.R. § 226.39. As

3

relevant here, it provides, "The disclosures required by this section shall identify the mortgage loan that was sold, assigned or otherwise transferred," and requires that the notice state: "(1) The name, address, and telephone number of the [new creditor]"; "(2) The date of transfer"; "(3) The name, address and telephone number of an agent or party authorized to receive notice of the right to rescind and resolve issues concerning the consumer's payments on the loan"; "(4) Where transfer of ownership of the debt to the covered person is or may be recorded in public records, or, alternatively, that the transfer of ownership has not been recorded in public records at the time the disclosure is provided"; and "(5) Partial payment policy." 12 C.F.R. § 226.39(d). The regulation concludes with a provision titled, "Optional disclosures," which provides, "In addition to the information required to be disclosed under . . . this section, [new creditor] may, at its option, provide any other information regarding the transaction." 12 C.F.R. § 226.39(e).

Finally, the interpretation, promulgated through notice-and-comment rulemaking, provides, "The disclosures required by this section must identify the loan that was acquired or transferred." 12 C.F.R. § 1026.39(d), Supp. I. It continues, "The [new creditor] has flexibility in determining what information to provide for this purpose and may use any information that would reasonably inform a consumer which loan was acquired or transferred." *Id.* The interpretation continues:

> For example, the covered person may identify the loan by stating:
>
> i. The address of the mortgaged property along with the account number or loan number previously disclosed to the consumer, which may appear in a truncated format;
>
> ii. The account number alone, or other identifying number, if that number has been previously provided to the consumer, such as on a statement that the consumer receives monthly; or
>
> iii. The date on which the credit was extended and the original amount of the loan or credit line."

4

*Id.*

### III. Procedural Background

On October 23, 2013, the Wrights filed the instant action, on behalf of themselves and a putative class of similarly situated individuals, against Green Tree and HFRC. (ECF No. 1.) They alleged violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605; the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*; and the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.*, and its implementing regulation, 12 C.F.R. § 1026.39. The Wrights voluntarily dismissed HFRC from the action on January 8, 2015 (ECF No. 23), and on March 6, 2015, filed an amended complaint against Green Tree alleging that it violated the Truth in Lending Act. (ECF No. 30.) Green Tree moved to dismiss the complaint on April 2, 2015 (ECF No. 33), and the Court granted that motion on November 17, 2015. (ECF No. 46.)

The Court granted the Wrights leave to file a second amended complaint, and the Wrights did so on January 25, 2016. (ECF No. 50.) In their second amended complaint, the Wrights allege a single claim of violation of the Truth in Lender Act. They allege this claim on behalf of themselves and a proposed class. Green Tree now moves to dismiss the second amended complaint in full. (ECF No. 53.)

### LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plaintiff must allege sufficient facts to show

"more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). However, the court need not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678, 681 (citing *Twombly*, 550 U.S. at 555). The complaint must provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Port Dock & iStone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

To decide the motion, the court "may consider facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) (citation and internal quotation marks omitted). The Court may also consider "matters of which judicial notice may be taken." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## DISCUSSION

Green Tree moves to dismiss on three grounds: (1) the Notice is adequate, as it complies with the requirements of TILA, Regulation Z, and the interpretation; (2) statutory damages are not available for violations of Regulation Z and the interpretation; and (3) any alleged error is "hypertechnical" and thus is not actionable in any event. (Def.'s Mem., ECF No. 54, 1-2.)

### I.   Adequacy of Notice

Even taking as true all allegations in the Wrights' Complaint, the Court must conclude that the Notice complied with TILA, the regulation, and the interpretation, and thus this action must be dismissed.

6

A.     **Compliance with Statute and the Regulation**

The Wrights argue that the Notice fell short of the requirements of TILA itself. They do not claim that the Notice failed to comply with any of the enumerated requirements but instead argue that implicit in TILA's requirement that the new creditor "shall notify the borrower in writing" of the transfer of the loan is a requirement that the new creditor "identify" the loan being transferred. (Pl.'s Opp., ECF No. 55, 7.) In essence, they argue that the statute requires the loan to be "identified" by measures beyond the five enumerated statutory requirements.

But "[a] court must interpret a statute as it is, not as it might be, since courts must presume that a legislature says in a statute what it means and means in a statute what it says." *Baker v. Johnson*, 109 F. Supp. 3d 571, 576-77 (S.D.N.Y. 2015) (internal alteration omitted) (quoting *Arciniaga v. Gen. Motors Corp.*, 460 F.3d 231, 236 (2d. Cir. 2008)). Section 1641(g) requires that the Notice include five listed pieces of information. Under the canon of statutory interpretation of *expressio unius*, "the mention of one thing implies the exclusion of the other." *Cruz v. TD Bank, N.A.*, 855 F. Supp. 2d 157, 171 (S.D.N.Y. 2012), *aff'd and remanded*, 742 F.3d 520 (2d Cir. 2013) (quoting *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 221 (2d Cir. 2009)). "The maxim cautions a court not to add elements to a list of statutory or regulatory requirements." *Id.* (quoting *Scott v. City of N.Y.*, 592 F.Supp.2d 501, 506 (S.D.N.Y. 2008)) (alterations and internal quotation marks omitted). "Properly invoked, *expressio unius* prevents expanding an enumerated list of items or exceptions . . ." *Id.* (collecting cases).

Because the statute here lists five requirements for the Notice, the Court may not add an element to that list, and in particular, may not read into the statute additional requirements for the manner in which new creditors "identify" loans. Even accepting that the requirement of notice includes a requirement to identify the loan in question, the statute clearly sets out the necessary

7

elements for that notice. The elements the Wrights allege are lacking—for instance, the inclusion of both the old and new creditors' loan numbers, or the inclusion of balance information—are not included on that list, and therefore, the Court may not read them into it. Because the Wrights do not allege that any of the statutorily mandated elements are missing, they do not plausibly allege that the Notice fails to comply with the statute.

Similarly, any argument that the Notice violates the regulation is unavailing, as the regulation—like the statute—specifically enumerates the Notice's required elements. As distinct from the statute, the regulation does explicitly contain a requirement that "disclosures required by this section *shall identify* the mortgage that was sold, assigned, or otherwise transferred." 12 C.F.R. § 1026.29(d). But like the statute, the regulation then lists five required elements that constitute identification. Again, the elements do not include those requested by the Wrights. And again, the Court may not read additional required elements into the statute. Because the Notice included all elements required by the regulation to identify the loan, the Wrights do not plausibly allege that the Notice fails to comply with the regulation.

### B. Compliance with the Interpretation

Finally, the Wrights argue that the interpretation has the force of law, and that the Notice fails to comply with the interpretation. Because the Wrights do not plausibly allege that the Notice fails to comply with the interpretation, the Court need not address whether the interpretation has the force of law.

Unlike the statute and the regulation, the interpretation does not include an exhaustive list of requirements for the Notice. Instead, it provides: "The disclosures required by this section must identify the loan that was acquired or transferred. The covered person has flexibility in determining what information to provide for this purpose and may use any information that

8

would reasonably inform a consumer which loan was acquired or transferred." 12 C.F.R. § 1026.39 Supp. I. It then gives three examples of ways in which a new creditor could identify a loan. As discussed in the November Order, these three examples may function as safe harbors but they do not constitute mandatory forms of notice. (*See* Nov. 17, 2015, Order 9 ("Further, where an Interpretation provides an example, that example does not become a mandatory form even if it may serve as a safe harbor" (citing *Strubel v. Comenity Bank*, No. 13 Civ. 4462 (PKC), 2015 WL 321859, at *3 (S.D.N.Y. Jan. 23, 2015)))).

While Green Tree did not take advantage of these safe harbor forms of disclosure, the Wrights still do not plausibly allege that it violated the interpretation. This is because, though the interpretation does requires that the new creditor identify the loan, it also explicitly provides new creditors "flexibility" in determining what information to provide. The new creditor need only provide "any information that would reasonably inform a consumer which loan was acquired or transferred."

Here, the Wrights cannot plausibly allege that the information provided would not reasonably inform a consumer which loan was acquired or transferred. The Notice included the new Green Tree loan number, as well as the property address with which the loan was associated, and contact information for Green Tree. (Exh. A, SAC). As opposed to in the amended complaint, the Wrights do allege in the second amended complaint that this information did not sufficiently identify the loan because there were two loans on their home, each initially serviced by HFRC (SAC ¶ 10), and the Notice provided no information of use in distinguishing which of the two loans had been transferred. (SAC ¶ 30) But even with these additional allegations, the Wrights do not plausibly allege that Green Tree fell short of the interpretation's requirements, because the Notice alone provided sufficient information by which a reasonable

consumer could ascertain the identity of the loan in question: the Wrights had Green Tree's reference number for the loan, as well as contact information for Green Tree, and if they had any doubt, they could have contacted Green Tree to ascertain the identity of the loan.

Further, even taking as true that "[u]pon receiving [*the Notice*], Plaintiffs could not discern or identify which of their *two* HFRC loans had been transferred to Green Tree" (SAC ¶ 24 (first emphasis added)), the broader allegation that a reasonable consumer—or indeed the Wrights themselves—would not be able to discern or identify which of their two loans had been transferred based on all the information at hand is implausible. This is because the Wrights had previously received the HSBC notice, which did unambiguously identify which loan previously serviced by HSBC was being transferred to Green Tree, effective June 16, 2014. (Exh. A, AC.) This HSBC Notice, together with the Notice received less than a month later, serve to identify which of the two loans was transferred, especially given that new creditors are expressly granted "flexibility in determining what information to provide," and that they "may use any information that would reasonably inform a consumer which loan was acquired or transferred."

While the Wrights make much of the fact that the information here came in two separate mailings, that has little relevance—first, because even without the prior HSBC Notice, the Notice adequately identified the loan; and second, because of the flexibility written into the interpretation. The Notice provided all of the specific pieces of information required by the statute and by the regulation, and while Green Tree did not elect to take advantage of any of the three safe harbor provisions provided by the interpretation, the Wrights do not plausibly allege that the Notice provided would not reasonably inform a consumer which loan was acquired or transferred. Thus, the action must be dismissed.

## II. Other Arguments for Dismissal

Because the Wrights do not plausibly allege that the Notice fell short of the requirements of the statute, the regulation, or the interpretation, the Court need not reach Green Tree's other arguments, namely that there is no private cause of action or statutory damages available for violation of the interpretation and that any violation that did occur was "hypertechnical" and thus not actionable.

## III. Leave to Amend

For the reasons stated above, the Wrights' action must be dismissed, leaving the Court with the question of whether they should be granted leave to amend their complaint for a third time. The Wrights have not requested leave to amend and the Court declines to grant leave *sua sponte* because amendment would likely be futile, and because the Wrights have already been granted multiple opportunities to address the issues raised in Green Tree's motion to dismiss. *See, e.g., Clark v. Kitt*, No. 12 Civ. 8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) (holding that the plaintiff's failure to remedy the complaint's deficiencies identified by an earlier motion to dismiss "is alone sufficient grounds to deny leave to amend"); *see also, e.g., Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (affirming the district court's denial of leave to amend in part because of the previous opportunities that the plaintiff had received to amend the complaint).

## CONCLUSION

For the reasons stated above, the motion to dismiss is granted and leave to amend is denied. The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

**Dated:** July 25, 2016
New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**